380 P.2d 133

Richard JACQUES, by guardian ad litem,
Plaintiff and Appellant,

v.

Dallas FARRIMOND, by guardian ad litem,
Defendant and Respondent.

No. 9724.

Supreme Court of Utah.

April 5, 1963.

Mark S. Miner, John E. Stone, Salt Lake City, for appellant.

Christensen & Jensen, Ray R. Christensen, Salt Lake City, for respondent.

CROCKETT, Justice.

Richard Jacques, a youth of 16, by guardian, sued to recover for injuries sustained while riding as a guest in the car of defendant, Dallas Farrimond, when it crashed into a utility pole.

Under our statute a driver is not liable to his guest for mere negligence, but recovery is allowed only if the injury resulted from his intoxication or wilful misconduct.[1] Accordingly, the case was submitted to the jury on special questions as to these issues: Was defendant intoxicated? Was he guilty of wilful misconduct? If so, was each a proximate cause of the injury? Had plaintiff assumed the risk as to each? The jury answered yes to all of those questions and judgment was entered for defendant, from which plaintiff appeals.

■ Plaintiff urges that the judgment should be reversed and a new trial granted because it was error to submit to the jury the question of the plaintiff's assumption of risk of defendant's wilful misconduct. This contention should be considered against the background of the evidence viewed in the light most favorable to the defendant.

On the evening of January 4, 1961, defendant, himself a youth little older than plaintiff, picked up the plaintiff and four other boys in his 1955 Buick automobile and drove to a cafe at 926 E. 21st South in Salt Lake City, known as the House of Pizza. They remained there and on the premises for some time. They drank a substantial amount of gin, and spirits progressed beyond mere conviviality. The boys engaged in some mischievous antics that need not be detailed here. It is claimed that an argument arose between defendant, Dallas, and a girl friend, Arlene Lynn. Continuing in their rowdy attitude, the six boys then got into defendant's car, with plaintiff in the rear seat, and proceeded toward Arlene's home. It does not appear that the passengers were aware of the argument, or of their destination. While attempting to round a curve the defendant lost control of the car and it skidded sideways into a utility pole, unfortunately and regrettably resulting in painful, serious and permanent injuries to the plaintiff.

■ We see no reason why, under proper circumstances, the defense of assumption of risk should not be a valid defense to wilful misconduct.[2] It is true, as has been suggested, that it may be assumed that a person will engage in right conduct, and that it is not reasonably to be anticipated that he will so transgress propriety as to be guilty of wilful misconduct. Ordinary negligence likewise need not be anticipated. Yet there is no doubt as to the availability of the defense in such cases. The denial of recovery because of assumption of risk of wilful misconduct is based upon the same reasoning as in a case of ordinary negligence: that the plaintiff knew and appreciated the hazards; that he had a reasonable opportunity to make an alternative choice;

1. 41-9-1, U.C.A.1953.

2. See Allen v. Robinson, 85 Cal.App.2d 617, 193 P.2d 498 (1948); 44 A.L.R.2d 1347 and cases therein cited.

and that he voluntarily assumed the risk.[3] In both cases the underlying principle is that one who fails to use reasonable care for his own safety, which contributes to cause his injury, should not be permitted to recover from another for it.

The evidence on this issue, in addition to that set out above concerning their drinking gin together, is that after the boys left the cafe the defendant drove at such excessive speeds and so recklessly that the other boys protested. His reaction was to slow down each time this was done, but he would again speed up until a new protest was made. The evidence in the light most favorable to the defendant and against the plaintiff, which we must assume the jury believed,[4] was to the effect that while others remonstrated, the plaintiff not only failed to do so, but made remarks indicating approval and encouraging the defendant to continue his recklessness. Thus there is a reasonable basis in the evidence for the jury to believe that he would have had no desire to leave the car had such opportunity been afforded, and that with knowledge of the facts he voluntarily assumed the risk of defendant's conduct. Accordingly, the trial court correctly submitted that issue to the jury even though it can be conceded that the jury could have made a contrary finding if it had accepted plaintiff's version of the evidence. Howsoever that may be, the judgment need not rest solely upon that proposition, as will appear presently.

Further substantiation of the judgment is found in the fact that the evidence justifies these additional findings: that the defendant was intoxicated; that this was also a proximate cause of plaintiff's injury;[5] and that the plaintiff had likewise assumed that risk. Supplementing the facts recited above, that he was present while the defendant was drinking gin, it is shown that he had seen the defendant intoxicated before; that he knew of the hazards to be anticipated from riding with one whose abilities were thus impaired; and that with this knowledge he willingly entered the car and endangered his safety.[6]

For the reasons above stated the judgment is affirmed. Costs to defendant (respondent).

HENRIOD, C. J., and McDONOUGH, CALLISTER, and WADE, JJ., concur.

---

3. See Prosser on Torts, p. 311; See also Johnson v. Maynard, 9 Utah 2d 268, 342 P.2d 884 (1959).

4. Hanks v. Christensen, 11 Utah 2d 8, 354 P.2d 564 (1960); Porter v. Price, 11 Utah 2d 80, 355 P.2d 66 (1960).

5. That there may be more than one proximate cause for the same injury, see: Hillyard v. Utah By-Products Co., 1 Utah 2d 143, 263 P.2d 287 (1953); also 38 Am.Jur. p. 716.

6. For cases holding that a guest assumes the risk of known incapacities of the driver, see: Maybee v. Maybee, 79 Utah 585, 11 P.2d 973 (1932); Balle v. Smith, 81 Utah 179, 17 P.2d 224 (1932); and Hillyard v. Utah By-Products Co., note, 5, supra.