**Paul Steven PENROD, Plaintiff and Appellant,**

v.

**Scott CARTER, Frank Wall, Ronald W. Corbett, and Dixie Ann Brunson, Defendants and Respondents.**

**No. 21058.**

Supreme Court of Utah.

April 22, 1987.

Dallas H. Young, Jr., Provo, for plaintiff and appellant.

Gary D. Stott, Salt Lake City, for defendants and respondents.

PER CURIAM:

Plaintiff appeals from a judgment on a unanimous jury verdict dismissing his action for false imprisonment brought under 42 U.S.C.A. § 1983. We affirm.

Plaintiff raises three issues on appeal: (1) the arresting officers' lack of probable cause to arrest him; (2) plaintiff's rights to possess the vehicle he removed to an undisclosed location and to demand evidence of ownership from the arresting officers before disclosing its whereabouts, and (3) the trial court's refusal to grant his motion for a directed verdict and a judgment N.O.V. and to give one of his requested jury instructions.

Plaintiff does not dispute that the jury was properly instructed on the meaning of "probable cause." The jury was also instructed on the element of the offense of theft. Plaintiff has not supported by statute or case law his argument that the arresting officers had a duty to present evidence of ownership in the vehicle to him. Instead, the officers' reliance on evidence

and information given to them by the true owner was sufficient to constitute probable cause. Within the constraints of their instructions, the jury assessed the evidence before them and found that the arresting officers had probable cause to arrest plaintiff. Thus stated, the question becomes one of sufficiency of the evidence to uphold the jury verdict. Although the issues are the subject of conflicting testimony at trial, this Court does not overturn a jury's verdict so long as there is ample record evidence to support the jury's finding. *Morgan v. Quailbrook Condominium Co.,* 704 P.2d 573 (Utah 1985).

■■■ Plaintiff's motions for directed verdict and for judgment N.O.V. were based upon his argument that there was no substantial evidence to support the jury's finding of probable cause for arrest. A motion for a directed verdict requires the trial court to consider the evidence in the light most favorable to the party against whom it is directed. The case should not be taken from the jury where there is substantial dispute in the evidence. *Cerritos Trucking Co. v. Utah Venture No. 1,* 645 P.2d 608 (Utah 1982). On appeal, this Court applies the same rules. *Id.* at 611; *accord Price-Orem Investment Co. v. Rollins, Brown & Gunnell,* 713 P.2d 55 (Utah 1986). The trial court's denial of the motions under the facts of this case was correct.

■■ Plaintiff's requested jury instruction was refused, but no objection appears of record. Our rules of civil procedure require that to preserve an objection for appeal, a party must object with specificity at trial. Utah R. Civ. P. 51; *Morgan v. Quailbrook Condominium Co.,* 704 P.2d at 579. Failure to object waives review by this Court. *Jensen v. Eakins,* 575 P.2d 179 (Utah 1978).

Affirmed.

STEWART, Associate C.J., concurs in the result.