**Sylvia DWIGGINS, Plaintiff and Appellant,**

v.

**MORGAN JEWELERS, Defendant and Appellee.**

No. 890084.

Supreme Court of Utah.

April 30, 1991.

Ronald E. Dalby, Matthew J. Storey, Salt Lake City, for plaintiff and appellant.

John L. Black, Lewis B. Quigley, Salt Lake City, for defendant and appellee.

DURHAM, Justice:

Plaintiff Sylvia Dwiggins appeals the trial court's grant of summary judgment in favor of defendant Morgan Jewelers. Dwiggins argues that the lower court erred in determining that Morgan Jewelers did not breach a duty of care or proximately cause Dwiggins' injuries as a matter of law. We affirm. The facts as alleged are insufficient to give rise to a duty on the part of Morgan Jewelers.

Dwiggins was shopping in the Morgan Jewelers store located in a strip mall at 2774 West 3500 South in West Valley City when it was robbed on December 10, 1986. During the course of the robbery, one of the robbers struck Dwiggins on the head with a crowbar.

This Morgan Jewelers store had previously been robbed in December of 1981. The store had no armed guard, an all-female staff at the time of the robbery, and a dummy camera that did not record or photograph. It also had two stationary and two or three mobile emergency buttons to notify the Peak Alarm Company, which would then notify the police.

■ According to rule 56 of the Utah Rules of Civil Procedure, a motion for summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *see also Hamblin v. City of Clearfield*, 795 P.2d 1133, 1135 (Utah 1990). In determining whether the lower court correctly found that there was no genuine issue of material fact, we view the facts and inferences to be drawn therefrom in the light most favorable to the losing party. *Id.*

■ Ordinarily, the question of negligence is a question of fact for the jury. *Hunt v. Hurst*, 785 P.2d 414, 415 (Utah 1990). Thus, summary judgment is appropriate in negligence cases only in the clearest instances. *Id.* at 415. Bare allegations of negligence unsupported by facts, however, are insufficient to withstand a motion for summary judgment. *Id.*

In *Mitchell v. Pearson Enterprises*, 697 P.2d 240 (Utah 1985), we held that an innkeeper owes its guests a duty of ordinary care to see that the premises assigned to them are reasonably safe for their use and occupancy. *Id.* at 243. We noted that the security required is "commensurate with the facts and circumstances that are or should be apparent to the ordinary prudent person." *Id.* The degree of care will "vary according to the particular circumstances and location of the hotel" and includes protecting guests from the criminal acts of third parties. *Id.* In *Beach v. University of Utah*, 726 P.2d 413, 415 & n. 2 (Utah 1986), we noted that the law imposes upon one party an affirmative duty to look after the safety of another only when certain special relationships exist between the parties. Although there is a "special relationship" between innkeepers and their guests, we think the reasoning of *Mitchell* is equally applicable to ordinary business owners.

■ This court has held in "slip and fall" cases that property owners are not insurers of the safety of those who come upon their premises, even though they are business invitees. *Martin v. Safeway Stores Inc.*, 565 P.2d 1139, 1140 (Utah 1977); *Long v. Smith Food King Store*, 531 P.2d 360, 362 (Utah 1973). Owners of land must, however, exercise due care and prudence for the safety of business invitees. *Long*, 531 P.2d at 362. The Restatement (Second) of Torts § 344 (1965) recognizes that a business owner also has a duty to protect its customers from criminal acts by third parties. Section 344 states:

Business Premises Open to Public: Acts of Third Persons or Animals

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

(a) discover that such acts are being done or are likely to be done, or

(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Comment f to section 344 makes it clear that the possessor "is ordinarily under no duty to exercise any care *until* he knows or has reason to know that the acts of the third person are occurring, or are about to occur." (Emphasis added.) Consistent with our earlier cases, we follow the Restatement and hold that this duty exists in Utah, but recognize that the duty does not arise until the business owner knows, or should know, that criminal acts are likely to occur.

The facts alleged in this case fail to establish the requisite level of foreseeability. Morgan Jewelers did not have reason to know that the store was about to be robbed. One robbery five years earlier is insufficient to make a subsequent robbery foreseeable and therefore does not give rise to a duty on the part of Morgan Jewelers.[1] Absent such a duty, we need not address the secondary issue of causation.

---

1. In *Taco Bell, Inc. v. Lannon*, 744 P.2d 43, 46–49 (Colo.1987), the Supreme Court of Colorado held that because there had been ten armed robberies at the same Taco Bell restaurant in

The trial court's summary judgment in favor of defendant is affirmed.

HALL, C.J., HOWE, A.C.J., and STEWART and ZIMMERMAN, JJ., concur.

the three years prior to the incident at issue (one of which had occurred the night before), harm to customers was reasonably foreseeable. *Id.* at 48. It also held that the gravity of possible harm was great and that Taco Bell had a legal duty to take measures to protect its customers. *Id.* at 49–50. Similar facts are simply not present in the case at bar.