Bradley M. CLARK, Plaintiff and Appellant,

v.

FARMERS INSURANCE EXCHANGE; Darin G. Woolstenhulme; Donald S. Colovich; and Jennifer MacArthur, Defendants and Appellees.

No. 940446–CA.

Court of Appeals of Utah.

March 28, 1995.

---

James G. Clark, Provo, for appellant.

Richard K. Spratley, Salt Lake City, for appellee Colovich.

Michael P. Zaccheo, Salt Lake City, for appellee Woolstenhulme.

Robert L. Jeffs, Provo, for appellees Farmers Ins. and MacArthur.

Before DAVIS, JACKSON, and WILKINS, JJ.

## OPINION

DAVIS, Associate Presiding Judge:

Bradley M. Clark appeals from the district court's grant of summary judgment to defendants Darin G. Woolstenhulme, Donald S. Colovich, Farmers Insurance Exchange,[1] and Jennifer MacArthur.[2] The trial court ruled that because the proximate cause of Clark's injuries was unknown and purely speculative, Clark's negligence claim failed as a matter of law. We affirm.

## FACTS

Clark was injured on December 10, 1989 as a result of a complex multi-vehicle accident occurring on the southbound Highway 89 overpass at its junction with I–15 in Farmington City, Utah. It was approximately 8:40 p.m., and it had been snowing earlier that day.

The series of accidents began when defendant Marcus Gilbert hit black ice on the overpass, lost control of his vehicle, and came to a halt, stalled in the right lane of traffic. Defendant Rita M. Kennedy next approached the accident scene, swerved to the left to avoid Gilbert's car, and also lost control of her vehicle. Her vehicle struck the guardrail several times and finally stopped in the roadway. Kennedy exited her vehicle and jumped over the guardrail to the east to avoid oncoming traffic.

The next vehicle to come upon the scene was an unidentified semi-truck (John Doe # 1) approaching in the right lane of traffic. John Doe # 1 veered quickly from the right lane to the left lane to avoid striking the stalled vehicles and proceeded down the road without stopping. When John Doe # 1 changed lanes precipitously, he or she cut off the vehicle driven by MacArthur, which was travelling in the left lane of traffic. Clark was a passenger in the MacArthur vehicle. MacArthur employed braking and turning maneuvers to avoid impact with the semi-

---

1. Farmers. Insurance Exchange is named as a defendant based upon Jennifer MacArthur's insurance policy covering the acts of uninsured motorists. As defined by statute, John Doe # 1 was an uninsured motorist. *See* Utah Code Ann. § 31A–22–305 (Supp.1994).

2. Defendants William H. King, Gordon V. Holbrook, Marcus Gilbert, William T. Hopkins, David Adamson, Rita M. Kennedy, and the U.S. Forest Service settled or were dismissed from the lawsuit in earlier stages of litigation.

truck, and in so doing lost control of her car. The car came to rest against the lefthand (east) guardrail facing north toward oncoming traffic. At that point, no one in the MacArthur vehicle was injured.

Gilbert crossed the road toward the MacArthur vehicle, apologized, and said that his car was stalled and he could not move it. Clark opened the door of the MacArthur vehicle (on the oncoming traffic side, not the guardrail side) to assist Gilbert in moving his car.

Shortly after Clark opened the rear passenger door, another series of collisions occurred. First, defendant Woolstenhulme drove into the accident scene, struck Gilbert, and struck the MacArthur and Kennedy vehicles. Next, defendant Hopkins came to a stop in the left lane just behind the stopped vehicles, but was then bumped from the rear by defendant Adamson. Adamson went on to strike the side of Woolstenhulme's truck. Hopkins was next struck from the rear by defendant Colovich, causing his vehicle to collide with the front of MacArthur's vehicle.

At some point during this concatenation of events, Clark "came flying over the guardrail" in Kennedy's direction. Clark's knee and right hand were injured, resulting in over $21,000 in medical expenses and lost wages. No one saw Clark struck by any vehicle, nor is there any evidence explaining how he got over the guardrail and down the embankment. Clark has no memory of the accident after exiting the MacArthur vehicle.

Clark filed a complaint on April 17, 1991 sounding in negligence. In April of 1993, the trial court granted summary judgment to defendants State Farm Mutual Automobile

Insurance Company, Farmers Insurance Exchange,[3] MacArthur, Colovich, and Woolstenhulme. For the purpose of its ruling, the court assumed these defendants were negligent. However, the court determined that "no direct evidence exists on the issue of causation as to [these defendants]." As a result, the court found that the jurors would have to "engage in rank speculation to reach a verdict" and that the "result would not be fair, nor just, nor appropriate for any of the parties." Clark appeals, arguing that the trial court erred in determining that the negligence of MacArthur, John Doe #1, Woolstenhulme, and Colovich could not be proximately connected to his injuries.[4]

## STANDARD OF REVIEW

■ Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c). As a question of law, entitlement to summary judgment is reviewed for correctness. *K & T, Inc. v. Koroulis,* 888 P.2d 623, 627 (Utah 1994). " 'We determine only whether the trial court erred in applying the governing law and whether the trial court correctly held that there were no disputed issues of material fact.' " *Id.* (quoting *Ferree v. State,* 784 P.2d 149, 151 (Utah 1989) (citation omitted)).

## ANALYSIS

■ A prima facie case of negligence requires a showing of: (1) a duty of reasonable care extending to plaintiff; (2) breach of that duty; (3) proximate and actual causation of the injury; and (4) damages suffered by

---

3. Appellant contends that the trial court granted summary judgment to Farmers Insurance Exchange "sua sponte." Farmers Insurance Exchange joined defendant State Farm Insurance's motion for summary judgment at oral argument; thus the court's order was not sua sponte.

4. Clark also appears to challenge the appellees' and trial court's reliance on unpublished deposition testimony. However, Clark has not argued that he made a contemporaneous objection to this reliance, nor does the record reveal an objection. In the absence of such an objection, we will not reach Clark's challenge. *See Broberg v. Hess,* 782 P.2d 198, 201 (Utah App.1989)

(" '[C]ontemporaneous objection or some form of specific preservation of claims of error must be made a part of the trial court record before an appellate court will review such claim on appeal.' ") (citation omitted). Moreover, we note that this error appears to have been invited in that Clark himself made extensive reference to unpublished depositions in his objections to appellees' motions for summary judgment and even in the briefs submitted to this court. "A party who leads a court into error cannot later complain of that error to obtain reversal." *Merriam v. Merriam,* 799 P.2d 1172, 1175–76 (Utah App. 1990).

plaintiff. *Schreiter v. Wasatch Manor, Inc.,* 871 P.2d 570, 573 (Utah App.) (citing *Williams v. Melby,* 699 P.2d 723, 726 (Utah 1985)), *cert. denied,* 879 P.2d 266 (Utah 1994). Defendants concede, for the limited purpose of summary judgment, that duty, breach of that duty, and damages have been shown. Thus, the issue on appeal is whether plaintiff's allegations can support a finding of proximate causation as to each defendant.

Proximate cause is generally defined as " 'that cause which, in natural and continuous sequence, (unbroken by an efficient intervening cause), produces the injury and without which the result would not have occurred. It is the efficient cause—the one that necessarily sets in operation the factors that accomplish the injury.' " *Mitchell v. Pearson Enters.,* 697 P.2d 240, 246–47 (Utah 1985) (quoting *State v. Lawson,* 688 P.2d 479, 482 n. 3 (Utah 1984)); *accord Steffensen v. Smith's Management Corp.,* 820 P.2d 482, 486 (Utah App.1991), *aff'd,* 862 P.2d 1342 (Utah 1993).

The question of proximate causation "is generally reserved for the jury." *Steffensen,* 820 P.2d at 486 (citing *Godesky v. Provo City Corp.,* 690 P.2d 541, 544 (Utah 1984)). Consequently, the trial court may rule as a matter of law on this issue only if: "(1) there is no evidence to establish a causal connection, thus leaving causation to jury speculation, or (2) where reasonable persons could not differ on the inferences to be derived from the evidence on proximate causation." *Steffensen,* 820 P.2d at 487 (citing *Robertson v. Sixpence Inns of Am., Inc.,* 163 Ariz. 539, 546, 789 P.2d 1040, 1047 (1990) (en banc)).

The trial court granted summary judgment to all the defendants party to this appeal because "no direct evidence exists on the issue of causation."[5] No one saw how Clark was injured, and Clark does not know how he was injured. Clark argues that the trial court's conclusion is in error, citing the affidavits and deposition testimony of his accident reconstructionists. However, as the trial court noted, "plaintiff's own expert, Mr. Duvall, was asked in his deposition whether he would be able to determine the mechanism of plaintiff's injury without speculating or guessing. His response was 'no.' " When the other expert witness, David C. Stephens, was pressed to identify the vehicle that may have struck Clark, he responded, "I'm not certain. I can't say for sure." Moreover, Stephens testified in his deposition that "the facts of this total accident are so vague and unidentifiable that it is really hard to be precise in coming to any conclusion because there's nothing to be precise—these's no precise data on which to draw those conclusions."

In light of the complete absence of evidence on causation, the trial court correctly granted defendants' motions for summary judgment. Clark has not met his burden to establish a prima facie case of negligence.[6] " 'When the proximate cause of an injury is left to speculation, the claim fails as a matter of law.' " *Mitchell,* 697 P.2d at 246 (quoting *Staheli v. Farmers' Co-op. of S. Utah,* 655 P.2d 680, 684 (Utah 1982)).

## CONCLUSION

Due to Clark's failure to make a prima facie showing of facts demonstrating the existence of proximate causation, his case fails as a matter of law. Accordingly, we affirm the trial court's grant of summary judgment.

JACKSON and WILKINS, JJ., concur.

---

**5.** The trial court recognized that "[i]f reasonable inferences can be drawn from the evidence, then the matter should be put to the factfinder." *See Lindsay v. Gibbons and Reed,* 497 P.2d 28, 31 (Utah 1972) (noting that jurors may "make justifiable inferences from circumstantial evidence to find negligence or proximate cause"). However, the court concluded that *any* evidence of causation would necessarily be the product of speculation, and the jury would have no basis for drawing inferences as to what occurred.

**6.** Plaintiff has neither raised nor briefed the issue of the propriety of shifting the burden of proof to defendants, either before the trial court or this court. See *Summers v. Tice,* 33 Cal.2d 80, 199 P.2d 1 (1948); *Vahey v. Sacia,* 126 Cal.App.3d 171, 178 Cal.Rptr. 559, 564 (App.1981); Restatement (Second) Torts § 433B (1965). Accordingly, we also decline to address it. *See Retherford v. AT & T Communications,* 844 P.2d 949, 965 n. 8 (Utah 1992); *Stokes v. Board of Review,* 832 P.2d 56, 60 n. 2 (Utah App.1992).