Somchay **BANSASINE**, as guardian
for P.K., a minor, Plaintiffs
and Appellants,

v.

Lucas **BODELL** and Lang Rajsavong,
individuals, Defendants and
Appellees.

No. 960077–CA.

Court of Appeals of Utah.

Nov. 15, 1996.

Daniel F. Bertch, Salt Lake City, for Appellants.

Lynn S. Davies and Kent W. Hansen, Salt Lake City, for Appellees.

Before DAVIS, BILLINGS, and GREENWOOD, JJ.

## OPINION

BILLINGS, Judge.

Plaintiff Somchay Bansasine, as guardian for P.K., appeals the trial court's summary judgment dismissing her negligence claim against defendant Lang Rajsavong. Specifically, Bansasine claims a reasonable juror could find that Rajsavong's reckless driving was the actual and proximate cause of a driver, angered by Rajsavong's driving, shooting P.K.'s father, a passenger in Rajsavong's car. We affirm.

## FACTS

Rajsavong was driving northbound on Interstate 15 with plaintiff's father when Lucas Bodell drove up close behind them, blinding Rajsavong with his lights. Rajsavong changed lanes, letting Bodell pass. Angered at being blinded, Rajsavong got behind Bodell and flipped on his high beams. He then sped up, passed Bodell, and changed back into the lane in which Bodell was driving. In response, Bodell drove up parallel to Rajsavong on the passenger side. Rajsavong then sped up to seventy-five miles per hour only to have Bodell follow suit. As Bodell caught up with Rajsavong, plaintiff's father made an obscene gesture at Bodell. Bodell pulled out a gun and displayed it in his palm. Rajsavong sped up in an effort to get away from Bodell. As Bodell drove by in his truck, Rajsavong heard a "bang," and plaintiff's father told Rajsavong that he had been shot. Rajsavong took plaintiff's father to a hospital, where he later died.

Plaintiff brought suit against Rajsavong, claiming Rajsavong's reckless driving resulted in the death of her father. Defendant filed a motion for summary judgment claiming defendant's actions were not, as a matter of law, the proximate cause of plaintiff's injuries. The trial court granted the motion, concluding Bodell's firing of a gun was an intervening and superseding act cutting off any liability of Rajsavong. Plaintiff appeals.

## ANALYSIS

"Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *K & T, Inc. v. Koroulis,* 888 P.2d 623, 626–27 (Utah 1994). Because the issue of summary judgment is a question of law, we review the trial court's decision for correctness, giving "no deference to the trial court's resolution of the legal issues presented." *Id.* at 627.

A prima facie case of negligence requires proof of four elements: (1) defendant owed plaintiff a duty of care; (2) defendant breached that duty; (3) defendant's breach of duty was the actual and proximate cause of plaintiff's injury; and (4) plaintiff suffered damages as a result of defendant's breach of duty. *Clark v. Farmers Ins. Exch.,* 893 P.2d 598, 600–01 (Utah App.1995). Defendant conceded, for purposes of summary judgment, that he owed plaintiff a duty, he breached that duty, and plaintiff suffered injuries. Thus, the only issue on appeal is whether defendant's "reckless driving" was the proximate cause of plaintiff's injury.

■ Proximate cause is " ' "that cause which, in natural and continuous sequence, (unbroken by efficient intervening cause), produces the injury and without which the result would not have occurred. It is the efficient cause—the one that necessarily sets in operation the factors that accomplish the injury." ' " *Id.* (quoting *Mitchell v. Pearson Enters.,* 697 P.2d 240, 246–47 (Utah 1985) (quoting *State v. Lawson,* 688 P.2d 479, 482 n. 3 (Utah 1984))). While proximate causation is generally an issue for the jury, a trial court may rule as a matter of law on the issue if: " '(1) there is no evidence to establish a causal connection, thus leaving causation to jury speculation, or (2) where reasonable persons could not differ on the inferences to be derived from the evidence on proximate causation.' " *Id.* (quoting *Steffensen v. Smith's Management Corp.,* 820 P.2d 482, 487 (Utah App.1991), *aff'd,* 862 P.2d 1342 (Utah 1993)).

In the instant case, the trial court ruled that reasonable persons could not disagree that Bodell's intentional (or negligent)[1] firing of a gun at plaintiff's father was an intervening and superseding cause which cut off any responsibility of defendant. On appeal, plaintiff claims the trial court erred in making this determination because defendant should have been able to foresee that if he drove recklessly and rudely, someone might fire a weapon into his car, injuring his passenger. We disagree.

Utah courts have consistently recognized that " 'a more recent negligent [or criminal/intentional] act may ... relieve the liability of a prior negligent actor under the proper circumstances.' " *Steffensen,* 820 P.2d at 488 (citation omitted). These circumstances arise when the more recent negligent or criminal act was unforeseeable to the first negligent actor. *Id.* If, on the other hand, the subsequent criminal or negligent act was "foreseeable to the prior actor, both acts are concurring causes and the prior actor is not absolved of liability." *Id.; see also Mitchell,* 697 P.2d at 246 (Utah 1985). Thus, the question becomes whether Rajsavong could reasonably have foreseen plaintiff's father being shot as a result of his alleged "reckless" and rude driving.

We conclude the trial court was correct in determining that a reasonable juror could not have found that defendant's driving was the proximate cause of the death of plaintiff's father.[2] We agree that a reasonable juror could not find that defendant should foresee that another driver on the road would fire a gun into his car simply because he shined his high beams on that person, passed him, then sped up as the driver tried to approach.[3] If such a response were so common as to make it foreseeable, the streets and highways of this country would be empty.

Plaintiff next claims that it is enough to prove only that defendant could have foreseen the general risk of harm that occurred. Specifically, plaintiff argues that defendant could reasonably foresee that aggressive behavior of some kind might be a response to his rude driving, which is exactly what occurred although the specific action was different from what might reasonably be expected, i.e, a car accident or running the defendant off the road. While we agree that "only the general nature of the injury need be foreseeable," *Steffensen v. Smith's Management Corp.,* 862 P.2d 1342, 1346 (Utah 1993), plaintiff goes too far in defining what "general nature" means. As the Restatement (Second) of Torts § 442B (1965) states:

> Where the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and *is*

1. As alternative causes of action, plaintiff claimed both that the gun was fired intentionally and that it was fired accidentally.

2. Plaintiff claims the following three cases mandate that we determine it was error to take this case from the jury: *Cruz v. Middlekauff Lincoln–Mercury, Inc.,* 909 P.2d 1252, 1257 (Utah 1996) (determining that when car dealership has history of thefts and yet continues to keep keys in cars and does nothing to improve security, it may be foreseeable that a thief would steal a car, drive recklessly while being pursued by police, and injure a bystander); *Mitchell v. Pearson Enters.,* 697 P.2d 240, 246–47 (Utah 1985) (holding on proper facts hotel's inaction in providing security could be proximate cause of wrongful death of patron killed by intruder); *Steffensen v. Smith's Management Corp.,* 820 P.2d 482, 489 (Utah App. 1991) (concluding injury to customer during chase of shoplifter could be a foreseeable consequence of negligent training of personnel in pursuit of shoplifters), *aff'd,* 862 P.2d 1342 (Utah 1993). While we agree that these cases help set the parameter of the law dealing with proximate cause in the context of summary judgment, we find all three cases distinguishable. In each of the three cases the *specific* facts of each case could lead a reasonable juror to conclude that the actions resulting from the defendants' negligence were not extraordinary and hence, were foreseeable. In this case, however, we conclude the shooting was an extraordinary reaction to rude driving, thereby making the result unforeseeable.

3. We express no opinion as to the added effect of an obscene gesture in relation to the facts of this case with the exception of noting that it was the plaintiff's father who made the obscene gesture to the shooter, and that it was this gesture that immediately precipitated the shooter brandishing the gun.

*not within the scope of the risk created by the actor's conduct.*

(Emphasis added.) Although we recognize that many aspects of today's society are becoming more violent and confrontational, we cannot conclude that a gunshot is within the scope of the risk created by defendant's rude and reckless driving.

■ Finally, plaintiff argues that defendant only needed to be able to foresee the injury that occurred, i.e., death, and not the specific means that caused that injury. In particular, plaintiff claims that because death was a foreseeable outcome of reckless driving—such as through a collision or being run off the road—it does not matter that the death resulted from a gunshot. Plaintiff misperceives the law. While plaintiff again correctly states that only the "general nature of the injury need be foreseeable," *Steffensen,* 862 P.2d at 1346, plaintiff misunderstands its meaning. In this case, the general nature of the injury is not death. Rather, death is the result of the injury; the injury was a gunshot wound. Thus, as above, for plaintiff to prevail, defendant must have been able to foresee that his reckless driving might lead to a shooting. As previously stated, defendant could not have foreseen this result, and thus, his reckless driving could not have been the proximate cause of plaintiff's injuries.

## CONCLUSION

The trial court properly held that under the facts of this case, defendant could not have foreseen that his "reckless driving" would lead to another driver firing a weapon into his car. As such, the trial court properly granted defendant's motion for summary judgment. We therefore affirm.

DAVIS, Associate P.J., and
GREENWOOD, J., concur.