**Mary Alene HUNT, Plaintiff and Appellant,**

v.

**Dr. J. Earl HURST, Defendant and Appellee.**

**No. 880284.**

Supreme Court of Utah.

Jan. 5, 1990.

Robert Macri, Salt Lake City, for plaintiff and appellant.

David G. Williams, Salt Lake City, for defendant and appellee.

STEWART, Justice:

Plaintiff Mary Alene Hunt appeals the granting of a motion for summary judgment in favor of defendant Dr. J. Earl Hurst. Plaintiff also appeals the trial

court's denial of her motion for a continuance.

## I.

Hunt filed a pro se complaint on August 5, 1987. The complaint alleged that Dr. Hurst provided orthodontic treatment for Hunt in 1972 following an accident in which she chipped a lower front tooth. According to the complaint, Dr. Hurst's orthodontic treatment continued until September 1985. Hunt alleges that Dr. Hurst's treatment was negligent and caused her serious damage.

Dr. Hurst filed an answer, and on November 2, 1987, he filed a motion for summary judgment supported by his own affidavits and affidavits of two other orthodontists, two general dentists, and an endodontist. These affidavits stated that the orthodontic treatment rendered by Dr. Hurst was in all respects within the required standard of care, that the result of Dr. Hurst's treatment was good, and that Dr. Hurst's orthodontic treatment was not the cause of plaintiff's damages.

In response, Hunt filed her own affidavit and the affidavits of her father and Charles Edward Gordon, neither of whom was qualified to give an expert opinion as to the standard of care for orthodontists or to identify the cause of the alleged injuries. Hunt also filed a letter from Dr. Joseph W. Stobbe, Jr., D.M.D., which merely stated that he was treating Hunt for temporomandibular joint dysfunction. On December 21, 1987, the trial court heard defendant's motion for summary judgment and granted it.

In January 1988, Hunt filed a motion for relief from the judgment supported by an affidavit of Dr. Scott Daynes, D.D.S. The trial court granted the motion and vacated the summary judgment. The affidavit of Dr. Daynes stated only that he believed that Hunt had been "dentally mistreated." Defendant deposed Dr. Daynes on March 18, 1988. In the deposition, Dr. Daynes stated that after further consultation and review, it was his opinion that Dr. Hurst had not violated any standard of care and that he had not intended to suggest that Dr. Hurst's treatment was the cause of Hunt's problems. Dr. Daynes explained that his changed position was based on further inquiry into orthodontic practice and a review of records from the initial treatment in 1972.

Dr. Hurst filed a second motion for summary judgment on May 2, 1988. In opposition, Hunt filed a note from an Idaho dentist stating only that Hunt had an abnormal occlusal relationship. However, the note offered no opinion either as to the negligence of Dr. Hurst or causation. The trial court granted Dr. Hurst's motion for summary judgment on June 14, 1988.

Hunt moved for a continuance of the hearing on the second motion for summary judgment in order to depose defendant. This motion was denied by the trial court.

## II.

According to Rule 56 of the Utah Rules of Civil Procedure, a motion for summary judgment should be granted only if the pleadings, depositions, admissions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Bowen v. Riverton City*, 656 P.2d 434, 436 (Utah 1982). In considering a motion for summary judgment, we examine the evidence in a light most favorable to the party opposing the motion. *Bowen*, 656 P.2d at 436.

Ordinarily, the question of negligence is a question of fact for the jury. *Jackson v. Dabney*, 645 P.2d 613, 615 (Utah 1982). Thus, summary judgment is appropriate in negligence cases only in the most clear instances. *Webster v. Sill*, 675 P.2d 1170, 1172 (Utah 1983); *FMA Acceptance Co. v. Leatherby Ins. Co.*, 594 P.2d 1332, 1334–35 (Utah 1979). However, bare allegations of negligence unsupported by any facts are not sufficient to withstand a motion for summary judgment. *Massey v. Utah Power & Light*, 609 P.2d 937, 938 (Utah 1980).

Hunt failed to present evidence controverting Hurst's affidavits which asserted that Hurst had not breached the standard

of due care or that his treatment was the cause of any injury. Hunt was only required to show the existence of a genuine issue of fact pertaining to those issues to avoid the entry of summary judgment against her and to go to trial. That she has not done.

Hunt argues on appeal that there was sufficient evidence to demonstrate negligence under the doctrine of *res ipsa loquitur*. Even assuming that the argument has been properly raised, it avails plaintiff nothing. The first element of *res ipsa loquitur* is proof that the event or factor causing the damage would not have ordinarily happened except for someone's negligence. *Ballow v. Monroe*, 699 P.2d 719, 721 (Utah 1985). No genuine issue of material fact was presented that such is the case here. In fact, in his deposition, Dr. Daynes testified that Hunt's injuries are of a kind that could have happened in the absence of negligence. He listed many other possible non-negligent sources of Hunt's condition. In view of these unchallenged assertions, the doctrine of *res ipsa loquitur* cannot be relied on to raise a genuine issue of fact.

One further issue should be addressed. In *Webster v. Sill*, 675 P.2d 1170 (Utah 1983), we held that if a party or a party's witness in a summary judgment proceeding takes a clear position in a deposition as to a material fact, an issue of fact may not thereafter be created by that person subsequently stating an opposite position on that point in an affidavit, unless the person can provide a reasonable explanation for the inconsistency. 675 P.2d at 1173. In the present case, Dr. Daynes' deposition statements might be read to contradict his earlier affidavit. However, Dr. Daynes explained in his deposition that his views had changed because of further inquiry and examination of the dental records. That explanation is sufficient.

### III.

Rule 56(f) of the Utah Rules of Civil Procedure provides that a court may order a continuance to permit affidavits to be obtained or depositions to be taken. Hunt argues that the trial court abused its discretion in denying her motion for a continuance. We disagree. Ample time was allowed after the commencement of the lawsuit to utilize discovery procedures. *See Cox v. Winters*, 678 P.2d 311, 313 (Utah 1984); *Strand v. Associated Students of University of Utah*, 561 P.2d 191, 194 (Utah 1977); *Downtown Athletic Club v. Horman*, 740 P.2d 275, 278 (Utah Ct.App.), *cert. denied*, 765 P.2d 1277 (Utah 1987). Moreover, the trial court vacated one summary judgment, thereby giving plaintiff an additional five months to gather available evidence. Hunt clearly had ample time to conduct the necessary discovery. Given the fact that the trial court vacated the first summary judgment and allowed five months for additional discovery, the trial court did not abuse its discretion in denying Hunt's motion.

### IV.

Rule 33 of the Rules of the Utah Supreme Court provides:

> If the court shall determine that a motion made or appeal taken under these rules is either frivolous or for delay, it shall award just damages and single or double costs, including reasonable attorney's fees, to the prevailing party.

A frivolous appeal is defined as "[o]ne in which no justiciable question has been presented and appeal is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed." *Black's Law Dictionary* 601 (5th ed. 1979). An amendment to Rule 33, which has been adopted by this Court effective April 1, 1990, states: "For the purpose of these rules, a frivolous appeal ... is one that is not grounded in fact, not warranted by existing law, or not based on a good faith argument to extend, modify, or reverse existing law." Virtually the same language is currently found in Rule 40(a) of the Rules of the Utah Supreme Court. Here, Hunt's attorney, after he investigated this case, found that he could not prove negligence, i.e., breach of duty and causation. The record is devoid of any relevant, admissible evidence showing negligence. Yet, after losing on summary judgment, he per-

sisted in filing an appeal. Since a valid professional evaluation would reveal a complete lack of merit to the cause of action and because of the otherwise unprofessional presentation of this case on appeal, we hold that plaintiff's counsel violated Rule 33 and is therefore subject to sanction. In this regard, we note that the issue of frivolity of the appeal was raised in appellee's brief and any issue concerning notice to the attorney was therefore fulfilled. *See* R. Utah S.Ct. 40(b).

■ Accordingly, we remand this case to the trial court to determine damages against Hunt's counsel. We emphasize that this is not an arguable case. The issues raised are frivolous. Even if counsel took this appeal as a favor for a distressed friend, that does not justify pursuing a frivolous claim against a blameless defendant. The rules require that counsel assert a claim in good faith.

We do not believe or intend that the litigation of new or uncertain issues will be chilled by imposing sanctions on attorneys who pursue what in reality are nuisance claims and do so in an unlawyer-like fashion by writing an unprofessional brief and relying on improper materials and arguments in the brief.

Accordingly, we remand this case to the district court for an award of attorney fees on this appeal not to exceed $1,000 and double costs. The judgment is to run against the attorney only.

### V.

We need not address defendant's remaining contentions concerning the statute of limitations. We affirm the trial court's grant of defendant's motion for summary judgment.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

HOWE, Associate C.J., having disqualified himself, does not participate herein.