**David C. BARLOW and Clare O. Barlow, d/b/a Barlow's Wood Classics, Plaintiffs and Appellees,**

v.

**Alan J. CAPPO, d/b/a Western Building Center, Defendant and Appellant.**

No. 910417–CA.

Court of Appeals of Utah.

Nov. 21, 1991.

John L. McCoy, Salt Lake City, for defendant and appellant.

Clair J. Jaussi, Provo, for plaintiffs and appellees.

Before BENCH, BILLINGS and GARFF, JJ.

OPINION

GARFF, Judge:

Alan J. Cappo, d/b/a Western Building Center, appeals from an order denying his motion to quash service of summons and set aside judgment.

FACTS

Appellees David C. Barlow and Clare O. Barlow, d/b/a Barlow's Wood Classics (Barlows), mailed to appellant Alan J. Cappo (Cappo) a complaint, motion and order for alternative service by mail. The complaint was filed on June 8, 1989. The motion for alternative service by mail, along with the affidavit, was filed June 6, 1989 pursuant to Utah Rules of Civil Procedure 4(f)(2) (1989).[1]

On August 3, 1987, Cappo filed a motion to dismiss Barlows' action on the ground that the forum was not convenient. Cappo characterized this motion as a special appearance. He requested that the action be dismissed and then be filed in Colorado, arguing that various warranty claims existed upon Barlows' products sold in Colorado, that all of the witnesses required to prove said claims were in Colorado, that much of the evidence was in Colorado, and

---

1. Rule 4(f)(2) of the 1989 version of the Utah Rules of Civil Procedure provided:

    In circumstances ... justifying service of summons by publication, if the party desiring service of summons shall file a verified petition stating the facts from which the court determines that service by mail is just as likely to give actual notice as service by publication, the court may order that service of summons shall be given by the clerk mailing a copy of the summons and complaint to the party to be served at his address, or his last known address. Service shall be complete ten days after such mailing.

    This Rule has since been changed and its corresponding version can be found in Utah Rules of Civil Procedure 4(g) (1991).

that the expenses of litigation would be reduced if the claim were brought in Colorado.

On September 5, 1989, the court denied Cappo's motion to dismiss and found that a "review of the file indicates that Defendant appears to have agreed contractually to jurisdiction and venue in this Court." No finding was made that Cappo had subjected himself to the jurisdiction of Utah courts or that Cappo needed to file an answer.

On October 19, 1989, the court entered a certificate of default reciting that Cappo had been regularly served with a summons and complaint by mail and had failed to answer the same. This was shortly followed by a default judgment against Cappo.

On March 15, 1990, Cappo appeared specially and moved to quash any return of service on the ground that he was never served pursuant to Utah Rules of Civil Procedure 4(b) (1989), which requires that the "summons must be served within one year after the filing of the complaint or the action will be deemed dismissed...." He argued that the jurisdiction of the court was not invoked to obtain substitute service under Utah Rules of Civil Procedure 4(f)(2) (1989).

On May 8, 1990, in a one-paragraph memorandum decision, the court denied the motion, confirming the validity of the service of process. In its decision, the court found that Barlows' counsel's affidavit was sufficient to allow for alternative service at the time the complaint was filed.

Cappo appealed, arguing that the court's judgment is void because it never obtained personal jurisdiction over him.

## SPECIAL AND GENERAL APPEARANCE

We first consider the threshold issue of whether Cappo's motion to dismiss on the ground of forum non conveniens constituted a general appearance, which in turn, would give the court personal jurisdiction over him. We review de novo the issue of whether, as a matter of law, the court had jurisdiction based on the undisputed documentary evidence. *Anderson v. American Soc'y of Plastic and Reconstructive Surgeons*, 807 P.2d 825, 827 (Utah 1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 276, 116 L.Ed.2d 228 (1991); *Kamdar & Co. v. Laray Co.*, 815 P.2d 245, 247–48 (Utah App. 1991).

In bringing a motion to dismiss based on forum non conveniens, Cappo in effect conceded jurisdiction because he was requesting the court to defer to another court of concurrent jurisdiction.

> The motion to dismiss on the ground of forum non conveniens is inconsistent with ... a motion to quash service for lack of jurisdiction. This is because the court, in dismissing a suit on grounds of forum non conveniens, relinquishes jurisdiction it already has over the action whereas the court, in quashing service, determines that it never had jurisdiction.... The doctrine of forum non conveniens is not jurisdictional; the argument of inconvenient forum concedes jurisdiction for it asks the court to decline to exercise the jurisdiction it constitutionally already has.

*Credit Lyonnais Bank Nederland, N.V. v. Manatt, Phelps, Rothenberg & Tunney,* 202 Cal.App.3d 1424, 249 Cal.Rptr. 559, 562 n. 8 (1988) (citations omitted). *See Utah State Univ. v. Sutro & Co.*, 646 P.2d 715, 722 (Utah 1982); *Kish v. Wright*, 562 P.2d 625, 627 (Utah 1977); *Mooney v. Denver*, 118 Utah 307, 221 P.2d 628, 631 (1950); 20 Am.Jur.2d *Courts* § 173 (1965).

We next consider whether a motion to dismiss based on forum non conveniens is a special or a general appearance. A special appearance is to contest a court's personal jurisdiction without submitting oneself to it. *Downey State Bank v. Major–Blakeney Corp.*, 545 P.2d 507, 510 (Utah 1976). *See Robinson & Wells, P.C., v. Warren*, 669 P.2d 844, 849 (Utah 1983); *Dennett v. Powers*, 536 P.2d 135, 136 (Utah 1975); *Housley v. Anaconda Co.*, 19 Utah 2d 124, 427 P.2d 390, 391 (1967). On the other hand, an appearance by the defendant for any purpose except to object to *personal* jurisdiction constitutes a general appearance. *Barber v. Calder*, 522 P.2d 700, 702

n. 4 (Utah 1974). In fact, by asking the court for any affirmative relief, a defendant thereby submits himself or herself to that court's jurisdiction. *Downey*, 545 P.2d at 510.

Here, Cappo claimed he was appearing "specially and for the purpose of interposing the defense of forum non conveniens." He supported this claim arguing that his witnesses and evidence were located in Colorado, and therefore Colorado would be a more convenient forum. Cappo was correct insofar as his arguments were consistent with a motion for a change of venue based on inconvenient forum. However, because his motion fit both the form and substance of a motion to dismiss for change of venue, and because his arguments did not pertain to the court's personal jurisdiction over him, Cappo conceded jurisdiction and submitted himself to the jurisdiction of the court.[2]

Because we find that Cappo submitted himself to the jurisdiction of the court, we need not reach the issue of whether service by mail was valid.

Affirmed.

BENCH and BILLINGS, JJ., concur.

2. While the trial court did not base its conclusion of jurisdiction on the fact that Cappo made a general appearance in which his argument essentially conceded jurisdiction, we may nevertheless affirm on any ground, whether or not that ground was one used by the trial court. *Berube v. Fashion Centre, Ltd.*, 771 P.2d 1033, 1039 (Utah 1989); *Buehner Block Co. v. U.W.C. Assocs.* 752 P.2d 892, 895 (Utah 1988).