**D.C.A. DEVELOPMENT CORPORATION, a Montana corporation; Ben Lomond Suites, Ltd, a Utah limited partnership; Daniel Cook, an individual, Plaintiffs-Appellants,**

v.

**OGDEN CITY MUNICIPAL CORPORATION; Stephen Dirks; David Van Allen; David Collins; Cowles Mallory; Allan H. Peek; Thair Blackburn, individuals; D.M.J.M. Coon, King & Knowlton, a professional corporation, Defendants-Appellees.**

No. 91–4026.

United States Court of Appeals,
Tenth Circuit.

May 22, 1992.

Ronald E. Nehring and Thomas M. Melton of Prince, Yeates & Geldzahler, Salt Lake City, Utah, on the brief, for plaintiffs-appellants.

Max D. Wheeler, Anne Swenson, and Daniel D. Hill of Snow, Christensen & Martineau, Salt Lake City, Utah, and Philip R. Fishler and Victoria K. Kidman of Strong & Hanni, Salt Lake City, Utah, on the brief for defendants-appellees Ogden City Mun. Corp., David Van Allen, David Collins, Cowles Mallory, Allan H. Peek, and Thair Blackburn.

David A. Greenwood and Kathryn H. Snedaker of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, on the brief for defendant-appellee D.M.J.M. Coon, King & Knowlton.

Before McKAY, Chief Judge, TACHA, Circuit Judge, and BROWN,[1] District Judge.

McKAY, Chief Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs, owners and renovators of a historic hotel, sued Ogden City Municipal Corporation ("Ogden City"), its agents, and its architectural consultant over denial of an occupancy permit, alleging violations of 42 U.S.C. § 1983, Utah Constitution, and state negligence standards.[2] The district court granted motions for summary judgment by defendants, and plaintiffs now appeal. We affirm the district court's decisions.

Plaintiffs D.C.A. Development Corporation, Ben Lomond Suites, Ltd., and Daniel Cook (collectively "DCA") purchased and renovated the historic Ben Lomond Hotel in Ogden, Utah. In order to enjoy certain tax advantages, DCA wanted to obtain an occupancy permit before December 31, 1984. Ogden City hired an architectural firm, D.M.J.M. Coon, King & Knowlton ("DMJM") to assess plaintiffs' compliance with building codes. DMJM reported code violations by letter to Ogden City on December 20, 1984, and on the following day recommended against issuing an occupancy permit until certain specified deficiencies were remedied. On or about December 21, 1984, Ogden City denied DCA the occupancy permit.

DCA sued Ogden City, its agents, and DMJM in federal district court, alleging, *inter alia*, that Ogden City and its agents had violated DCA's rights under 42 U.S.C. § 1983 and the Utah Constitution, and that DMJM had injured DCA through professional negligence. Defendants moved for and were granted summary judgment on all claims relevant here. DCA now appeals from the district court decision.

---

1. Honorable Wesley E. Brown, United States District Judge for the District of Kansas, sitting by designation.

2. Defendant Cowles Mallory was dismissed from this suit by stipulation of the parties.

■ We review a grant of summary judgment de novo. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). We apply the same standard as the district court and examine whether a genuine issue of material fact is in dispute, and, if not, whether the moving party should prevail as a matter of law. *Id.*

■ We first examine the grant of summary judgment for Ogden City under federal law. Plaintiffs allege that Ogden City deprived DCA of substantive due process by acting arbitrarily and with personal animosity toward plaintiffs in denying the occupancy permit. In order to prevail ultimately, plaintiffs must show that Ogden City irrationally deprived DCA of a protected property right. *See Spence v. Zimmerman*, 873 F.2d 256, 258–61 (11th Cir.1989); *Bello v. Walker*, 840 F.2d 1124, 1129 (3d Cir.), *cert. denied*, 488 U.S. 851, 109 S.Ct. 134, 102 L.Ed.2d 107 (1988). In order to withstand defendants' motion for summary judgment, plaintiffs must show that a dispute exists regarding the rationality of Ogden City's actions.

Ogden City argues that it denied the permit out of a legitimate state interest in building safety. Plaintiff Daniel Cook admitted in a deposition that certain items related to fire safety and emergency power were not operational when the permit was denied. It is clear from this statement that Ogden City could have denied the occupancy permit based on legitimate safety concerns. *See Spence*, 873 F.2d at 259 (city could legitimately require plaintiffs to meet reasonable safety standards before issuing certificate of occupancy). Because the parties agree that some safety concerns existed at the time in question, we conclude that Ogden City could legitimately have denied the permit in order to protect public health and safety. Where undisputed safety concerns could rationally have justified Ogden City's actions, Ogden City was entitled to judgment as a matter of law on the federal due process claim.[3]

■ Plaintiffs next argue that Ogden City's actions violated their federal rights to equal protection. In order to prevail on this claim, plaintiffs must first show that Ogden City purposefully discriminated against DCA. *McCleskey v. Kemp*, 481 U.S. 279, 298, 107 S.Ct. 1756, 1770, 95 L.Ed.2d 262 (1987). Because the challenged conduct does not implicate a suspect classification or fundamental right, plaintiffs must also show that Ogden City's actions were not rationally related to a legitimate state interest. *Pennell v. San Jose*, 485 U.S. 1, 14, 108 S.Ct. 849, 859, 99 L.Ed.2d 1 (1988).

In the face of overwhelming evidence that Ogden City acted to protect public health and safety, DCA failed to present evidence sufficient to show that Ogden City had discriminatory intent. Further, Mr. Cook's acknowledgment of safety concerns in the hotel establishes that Ogden City's denial of the occupancy permit was rationally related to its legitimate interest in protecting public health and safety. We thus conclude that Ogden City was entitled to judgment as a matter of law on the federal equal protection claim.[4]

■ We turn now to plaintiffs' complaints under Utah law, considering first immunity of governmental entities and employees under Utah Code Ann. Sections 63–30–3 and 63–30–4(4) (Supp.1991).[5] By the

---

**3.** Because we conclude that Ogden City could have had a rational basis for its actions, we need not decide whether DCA's interest in the occupancy permit is a protected property right.

**4.** Having decided the merits of the federal claims here, we do not reach the issue, litigated in district court, of whether Ogden City and public officials are immune from suit under federal law.

**5.** Utah Code Ann. § 63–30–3 provides in pertinent part:

[A]ll governmental entities are immune from suit for any injury which results from the exercise of a governmental function.... Utah Code Ann. § 63–30–4(4) provides: An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee may be held personally liable for acts or omissions occurring during the performance of the employee's duties, within the scope of employment, or under color of authority, unless it is

plain language of these statutes, the municipality of Ogden and therefore its employees are immune from suit for "any injury which results from the exercise of a governmental function." Utah Code Ann. § 63–30–3 (1989). We affirm the district court's holding that Ogden City defendants are immune from state law claims as a matter of law. Thus we do not reach plaintiffs' claims under the Utah Constitution.

■ We now consider the district court's grant of summary judgment for DMJM on plaintiffs' claim of negligence. DCA alleges that DMJM was professionally negligent in assessing plaintiffs' compliance with building codes and in recommending that Ogden City deny the occupancy permit. In order to withstand DMJM's motion for summary judgment in district court, DCA had the burden of presenting more than bare allegations of negligence unsupported by facts. *Hunt v. Hurst,* 785 P.2d 414, 415 (Utah 1990); *Williams v. Melby,* 699 P.2d 723, 725 (Utah 1985); *Webster v. Sill,* 675 P.2d 1170, 1172 (Utah 1983). Although DCA contends that DMJM's report to Ogden City was hasty and superficial, DCA does not directly challenge the report's accuracy. DCA thus has not carried its evidentiary burden of presenting facts that would support a finding of negligence, and DMJM is entitled to judgment as a matter of law.

For the foregoing reasons, we AFFIRM the district court's granting of motions for summary judgment to defendants.

established that the employee acted or failed to act due to fraud or malice.