Julie RIMENSBURGER, Plaintiff
and Appellee,

v.

Joseph RIMENSBURGER, Defendant
and Appellant.

No. 910511–CA.

Court of Appeals of Utah.

Sept. 22, 1992.

Rehearing Denied Oct. 30, 1992.

Wendell P. Ables, Salt Lake City, for defendant and appellant.

Lynn J. Clark, Midvale, for plaintiff and appellee.

Robert H. Wilde and Kelly De Hill, Midvale, for plaintiff and appellee on Rehearing only.

AMENDED OPINION ON
REHEARING [1]

Before GARFF, JACKSON and ORME, JJ.

1. This opinion replaces the opinion of the same    name issued July 2, 1992.

GARFF, Judge:

This is an appeal from an interlocutory order pursuant to permission granted by this court on October 16, 1991. Utah R.App.P. 5(e). We remand the order with instructions to dismiss Wife's petition for modification and to order Wife's attorney to pay Husband for his reasonable expenses and attorney fees in the earlier proceeding.

## FACTS

Appellant Joseph Rimensburger (Husband) and appellee Julie Rimensburger (Wife) divorced pursuant to a decree issued January 1981 by the Fifth District Court in Washington County, Utah. At the time of the decree, both parties resided in Washington County. Both parties have since moved from the county. Husband has resided in Salt Lake County for the last three to four years, while Wife and the parties' minor child have resided both in this state and out of state because of Wife's current husband's military career.

On April 30, 1991, more than ten years after the decree was issued, Wife petitioned the Third District Court in Salt Lake County for modification. Although her petition did not allege grounds for jurisdiction, the court assumed jurisdiction and accepted the petition, assigning a civil number different from that used on the initial divorce proceeding in the Fifth District Court. In the petition, Wife sought to modify the decree by (1) increasing child support; (2) providing for health and accident insurance for the parties' child; (3) providing for uninsured medical and dental expenses; (4) transferring the tax dependency exemption from Husband to herself; (5) extending child support until the child reaches age twenty-one; and (6) eliminating the requirement that she receive leave of court before establishing a residence outside Utah.

On May 31, 1991, Husband moved for dismissal for lack of subject matter jurisdiction, or alternatively, for change of venue to the Fifth District Court in Washington County, and for attorney fees. The court denied all motions.

On October 16, 1991, this court granted permission for Husband to file an interlocutory appeal to challenge both denials.

## SUBJECT MATTER JURISDICTION

■ We first consider whether the court erred in refusing to dismiss Wife's petition to modify based on lack of subject matter jurisdiction.

The question of whether a court has subject matter jurisdiction "goes to the very power of a court to entertain an action." *Curtis v. Curtis,* 789 P.2d 717, 726 (Utah App.1990). Consequently, we review this question of law independently and do not defer to the trial court. *Barlow v. Cappo,* 821 P.2d 465, 466 (Utah App.1991); *Van Der Stappen v. Van Der Stappen,* 815 P.2d 1335, 1337 (Utah App.1991).

■ Utah Code Ann. § 30–3–5 (Supp. 1991) provides for courts to issue initial decrees of divorce and to make orders concerning child support, alimony, child custody, health, dental care, and property and debt distribution. Subsection (3) provides that the "court has continuing jurisdiction to make subsequent changes or new orders" regarding these same issues. Thus, the court issuing the original decree retains exclusive jurisdiction to modify its decrees. Parties wishing to modify a decree must do so in the original forum. *See Angell v. Sixth Judicial Dist. Court,* 656 P.2d 405, 406–07 (Utah 1982) (per curiam) (actions to modify divorce decree should "properly be brought in the forum which issued the decree"). A party can no more ask a different court to modify a divorce decree already entered than it can ask a different court for a new trial in a case otherwise concluded. To hold otherwise would do great mischief to orderly judicial process and would encourage forum shopping.

Finally, Rule 6–404 of the Utah Code of Judicial Administration, recognizing the mandate of section 30–3–5(3), specifies that the Rule applies "to all district courts," and requires that "[p]roceedings to modify a divorce decree shall be commenced by the filing of a petition to modify in the original divorce action."

Here, although the issuing court was the Fifth District Court, Wife petitioned for modification in the Third District Court. Thus, the Third District Court erred by assuming subject matter jurisdiction.

Given that the Third District Court lacked subject matter jurisdiction, the question becomes whether it should have dismissed the action, or whether it should have granted a change of venue.

## CHANGE OF VENUE

■ Utah law provides for change of venue in cases where "the county in which *the action* is commenced is not the proper county for the trial thereof." Utah Code Ann. § 78–13–8 (1992) (emphasis added). Here, the only action, as that term is defined in Utah Rule of Civil Procedure 3, is the action for divorce commenced years ago in Washington County. Thus, section 78–13–8 does not apply.

■ Section 78–13–9(3) would permit the district court of Washington County to transfer the case to another district for the sake of convenience, but this section does not permit the court in which a stray petition is incorrectly filed to transfer that isolated document to the court where the underlying action is pending.

Because the Third District Court lacked subject matter jurisdiction, and because a change of venue was not appropriate, the Third District Court erred in refusing to dismiss Wife's purported action. We therefore remand with instructions to dismiss wife's petition for modification.

## ATTORNEY FEES

■ Husband claims he is entitled to attorney fees incurred in proceedings before the Third District Court and on appeal pursuant to Utah Rule of Civil Procedure 11 and pursuant to Utah Rule of Appellate Procedure 33 because Wife's petition for modification was not "warranted by existing law." Wife also argues for attorney fees and costs pursuant to the same rule.

Rule 11 provides, in part, that by signing a document, an attorney certifies that he or she has read it, has made "reasonable in-

quiry," and certifies that it "is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." The Rule provides that where an attorney has signed a pleading in violation of the rule, the court

> shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party ... the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

■ Whether specific conduct amounts to a violation of this rule is a question of law. *Jeschke v. Willis*, 811 P.2d 202, 204 (Utah App.1991); *Taylor v. Estate of Taylor*, 770 P.2d 163, 171 (Utah App.1989). We therefore review independently the court's denial of attorney fees to both parties on the basis of Rule 11.

Here, although the substance of Wife's petition is grounded in law, her attorney's purported choice of forum was not grounded in law or logic. Thus, Wife's attorney violated Rule 11 below.

■ We next consider whether Wife's attorney violated Utah Rule of Appellate Procedure 33 on appeal. Rule 33(a) provides that

> if the court determines that ... [an] appeal taken under these rules is either frivolous or for delay, it shall award just damages, which may include ... reasonable attorney fees, to the prevailing party. The court may order that the damages be paid by the party or by the party's attorney.

Rule 33(b) defines a frivolous appeal as "one that is not grounded in fact, not warranted by existing law, or not based on a good faith argument to extend, modify, or reverse existing law."

Here, Wife's posture on appeal was that of appellee. That is, she merely defended the actions taken by a court of law in response to Husband's appeal. While Wife's attorney's choice of forum was not grounded in law or logic, his arguments on

appeal regarding subject matter jurisdiction are "warranted by existing law," to the extent they were based on an outstanding order of the trial judge.[2] Moreover, the arguments were "based on a good faith argument to extend, modify, or reverse existing law" to the extent the arguments defended the actions of a court of law. We therefore conclude that Wife's attorney did not violate Rule 33.

We therefore order Wife's attorney to pay Husband for his reasonable expenses and attorney fees incurred up to the filing of the notice of appeal, but not for those incurred on appeal.[3] We likewise deny Wife's request for attorney fees.

We therefore remand the matter back to the Third District Court with instructions to dismiss Wife's petition for modification and to order Wife's attorney to pay Husband for his reasonable expenses and attorney fees as directed herein.

JACKSON and ORME, JJ., concur.

---

**2.** *But see Department of Social Servs. v. Adams,* 806 P.2d 1193, 1197–98 (Utah App.1991) (generally, party receiving attorney fees at trial, is also entitled to fees reasonably incurred on appeal).

**3.** Wife's attorney is to pay these fees personally, without seeking reimbursement from his client, directly or indirectly.