Erma J. SCHONEY and George
K. Schoney, et al., Plaintiffs
and Appellants,

v.

MEMORIAL ESTATES, INC., et al.,
Defendants and Appellees.

No. 920704–CA.

Court of Appeals of Utah.

Oct. 25, 1993.

Rehearing Denied Nov. 17, 1993.

Edward T. Wells and Robert J. DeBry, Salt Lake City, for plaintiffs and appellants.

Clark R. Nielsen and Stephen L. Henriod, Salt Lake City, for defendants and appellees.

Before Judges GREENWOOD, JACKSON and RUSSON, JJ.

## OPINION

JACKSON, Judge:

Erma J. Schoney appeals the trial court's denial of her attempt to relitigate a previously adjudicated case.[1] She also challenges the court's related award of attorney fees and costs to appellees, as sanctions under rule 11 of the Utah Rules of Civil Procedure. We affirm the court's rulings and remand for a determination of court costs and attorney fees incurred by appellees on appeal as sanctions under Rule 33(a) of the Utah Rules of Appellate Procedure.

## PROCEDURAL BACKGROUND

Schoney initiated litigation on June 12, 1982, against appellees. That lawsuit ended when we issued *Schoney v. Memorial Estates, Inc.*, 790 P.2d 584 (Utah App.1990) (*Schoney I*), on April 6, 1990, and the Utah Supreme Court denied review on December 12, 1990. Our opinion affirmed the trial court's entry of a default judgment against Schoney. We stated that the "entry of the default judgment was sufficient, by itself, to dispose of the case."[2] *Id.* at 587.

Although we did not remand the case for any further trial court action, Schoney's attorney filed with the trial court, on April 1, 1991, the motion described in footnote 1, attempting to relitigate this case as a class action. Appellees opposed the motion asserting that the case was over and there was no case or controversy before the trial court. Appellees also argued that even if the case was not fully adjudicated, Schoney had waived any claim that the case had been improperly decertified as a class action. The trial court agreed with appellees, noting that "this case was appealed to the Court of Appeals and on May 9, 1990, a Remittitur was issued affirming the Court's decision." The trial court stated "the judgment of this Court was affirmed and there was no discussion by the Court of Appeals as to any portion of said decision not being affirmed." Further, the court observed that Schoney was attempting to "reinstate [her] litigation" by filing her motion months after the "case was at an end." Finally, the court stated "[t]here is currently no certified class," i.e., no class to be represented by Schoney or anyone else.

---

1. Schoney filed a motion labelled "Motion to Appoint Class Representative by Intervention of Absent Class Members or in the Alternative, to Allow Plaintiff Erma Schoney to Continue to Represent the Interests of the Class." The effect of filing this motion is no different from filing a new complaint containing the original claims.

2. In the alternative, the trial court had also entered summary judgment against Schoney.

Schoney's complaint alleged fraud, violation of the Consumer Sales Practice Act, and tortious breach of a contract for mausoleum services and space. Schoney also sought to sue on behalf of all persons who had purchased mausoleum space from appellees. An interlocutory order decertifying the case as a class action was entered in *Schoney I* on June 24, 1985.

## ISSUES

This proceeding presents two issues: (1) whether the adjudication in *Schoney I* prevents Schoney from instigating any further action in the case, and (2) whether rule 11 sanctions against her were proper.

## ANALYSIS

### Res Judicata

 We agree that Schoney's belated motion in the trial court is an attempt to reinstate or relitigate a case which had been fully and finally adjudicated. The doctrine of res judicata applies.[3] It provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a later action involving the same claim, demand, or cause of action. *Salt Lake Citizens Congress v. Mountain States Tel. & Tel. Co.* 846 P.2d 1245, 1251 (Utah 1992); *Jacobsen v. Jacobsen*, 703 P.2d 303, 305 (Utah 1985); *Penrod v. Nu Creation Creme, Inc.*, 669 P.2d 873, 875 (Utah 1983). Schoney had her day in court before the trial court and the court of appeals, and the supreme court denied review. The trial court entered its final "Order, Summary Judgment and Judgment by Default" in favor of appellees.

 The Judgment by Default was a final judgment, i.e., one which puts an end to a lawsuit by declaring that the plaintiff is or is not entitled to recover the remedy sought. *See Calder Bros. Co. v. Anderson*, 652 P.2d 922, 926 n. 4 (Utah 1982); *Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 969 (Utah App.1989). Thus, Schoney's suit was concluded, unless relief could be obtained on appeal. On appeal in *Schoney I*, Schoney sought relief from the "Order Decertifying the Class," the Summary Judgment, and the Judgment by Default. We determined that affirmance of the Judgment by Default was in order and that this was sufficient to conclude the case without addressing other arguments.[4] Schoney now asserts that our disposition of the case was a *remand* to the trial court for further action on the Order Decertifying the Class. This is not so. *Schoney I* was an unequivocal affirmance of the Default Judgment. Schoney's claims, remedies, and involvement as a party in the litigation and the litigation itself were extinguished by *Schoney I.* An affirmance is the confirmation and ratification by an appellate court of a judgment, order, or decree of a lower court brought before it for review.[5] *Guyton v. LeFevre*, 560 F.Supp.

---

**3.** Even if the doctrine of res judicata did not bar Schoney's attempt to relitigate her case, the "law of the case" doctrine would. *See Mascaro v. Davis*, 741 P.2d 938, 946–47 (Utah 1987) (one judge cannot overrule another judge of equal authority); *Sittner v. Big Horn Tar Sands & Oil, Inc.*, 692 P.2d 735, 736 (Utah 1984) (one judge of the same court cannot properly overrule decision of another judge of that court); *Conder v. A.L. Williams & Assoc.*, 739 P.2d 634, 636 (Utah App.1987) ("[a] court should not reconsider and overrule a decision made by a co-equal court"). Our review of the trial court's ruling and our decision in Schoney's prior appeal reveals that the trial court ruled against her on the "decertification" issue and that we affirmed the trial court. Accordingly, under the law of the case doctrine, the issue has already been decided and has received a final disposition which binds both Schoney and this court.

**4.** We need not discuss or analyze every argument made by a party on appeal. *State v. Carter*, 776 P.2d 886, 888 (Utah 1989). The nature and extent of an opinion is within the discretion of the court. *Id.*

**5.** If Schoney believed our decision to affirm was because the Judgment by Default was not a complete adjudication or because it was defective by omitting to fully and completely discuss the legality of the Decertification Order, she could have filed a Petition for Rehearing with us. She did not. Further, although she pursued a Petition for Writ of Certiorari, she did not raise any claim that decertification was improper or that a "class" of persons had the same status in the case. Assuming those claims were preserved on appeal, they should have been raised in the Petition for Certiorari. They were not. Accordingly, they were waived. *Jacobsen v. Jacobsen*, 703 P.2d 303, 305 (Utah 1985) (res judicata bars all issues which the party had a fair opportunity to present and have determined in another proceeding); *Penrod v. Nu Creation Creme, Inc.*, 669 P.2d 873, 875 (Utah 1983) (res judicata prevents the litigation of claims that could and should have been litigated in a prior action, but were not); *Smith v. Smith*, 793 P.2d 407, 409 (Utah App.1990) (res judicata bars relitigation of a claim that has previously been fully litigated between the same parties, and of

1237, 1242 (S.D.N.Y.1983) (citing *Black's Law Dictionary* (1968 ed.)). Accordingly, we affirm the trial court's ruling.

## Trial Court Sanctions

■ Schoney also challenges the trial court's award of $2259.53 in costs and attorney fees as rule 11 sanctions. When reviewing a trial court's rule 11 determination, we review the trial court's findings of fact under a clearly erroneous standard, the trial court's conclusion that rule 11 was violated under a correction of error standard, and the trial court's determination of the type and amount of sanction to be imposed under an abuse of discretion standard. *Barnard v. Sutliff*, 846 P.2d 1229, 1235 (Utah 1992).

■ There is no dispute as to how the courts in *Schoney I* ruled. The trial court in *Schoney I* decertified the class for which Schoney's counsel seeks to appoint a representative. The trial court in the present case noted "there was no discussion by the Court of Appeals as to any portion of said decision ... not being affirmed." It further noted that the court of appeals' decision, coupled with the supreme court's order denying Schoney's petition for certiorari, ended *Schoney I*.[6]

Based on the trial court's review of the prior proceedings, it concluded the attempt to go forward with the class action, in light of the complete resolution of the matter eleven months prior, was "unconscionable and beyond reason." The trial court noted that rule 11 was designed to prevent this type of abuse of process and it imposed sanctions on Schoney.

Rule 11 requires an attorney to make a reasonable inquiry to assure that the motion is "well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose." Utah R.Civ.P. 11. We agree with the trial court that Schoney's motion is unconscionable and without reason and we hold that no proper purpose can be justified by ignoring the rulings of foregoing tribunals. Accordingly, we hold that the trial court's conclusion that rule 11 was violated is correct.

■ The trial court awarded $2259.53 in costs and attorney fees as rule 11 sanctions. The type of sanction imposed by the trial court, namely costs and attorney fees, is listed as an appropriate type of sanction in the rule itself. *See* Utah R.Civ.P. 11. We have affirmed the appropriateness of this type of rule 11 sanction on many occasions. *See Rimensburger v. Rimensburger*, 841 P.2d 709 (Utah App.1992); *Taylor v. Estate of Taylor*, 770 P.2d 163 (Utah App.1989). We conclude that the type of sanctions imposed by the trial court in this case is not outside the bounds of reasonability. Additionally, we hold that $2259.53 is not an unreasonable amount for costs and attorney fees in this matter. Accordingly, we find no abuse of discretion in the type or amount of the imposed rule 11 sanctions. Thus, we conclude that the trial court's rule 11 determination was proper.

## Attorney Fees and Costs on Appeal

■ The final issue is whether appellees are entitled to an award of attorney fees and costs incurred on appeal. Rule 33(a) of the Utah Rules of Appellate Procedure provides that if an appeal is "either frivolous or for delay, [the court] shall award just damages, which may include single or double costs ... including reasonable attorney's fees, to the prevailing party. The court may order that the damages be paid by the party or by the party's attorney." *Id.* A frivolous appeal is one that is "not grounded in fact, not warrant-

---

claims that should have been raised in the prior action but were not).

**6.** The trial court "need not enter findings of fact and conclusions of law in rulings on motions.... The court shall, however, issue a brief written statement of the ground for its decision on all motions granted under Rules 12(b), 50(a) and (b), 56, and 59 when the motion is based on more than one ground." Utah R.Civ.P. 52(a). The trial court's order contains written statements, not specific findings of fact. Its statements regarding the rulings of the courts in Schoney I, although proper, are not findings that we can review under a clearly erroneous standard.

ed by existing law, or not based on a good faith argument to extend, modify, or reverse existing law." Utah R.App.P. 33(b); *See Hunt v. Hurst*, 785 P.2d 414, 416 (Utah 1990). Further, it is "[o]ne in which no justiciable question has been presented and appeal is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed." *Id.* (quoting *Black's Law Dictionary* 601 (5th ed. 1979)).

Here, Schoney's attorney, after the case had been fully adjudicated in *Schoney I*, chose to ignore the decisions in *Schoney I*, and attempted to relitigate the same case. Although the trial court had ruled against Schoney's new motion based on the prior adjudication, Schoney's attorney persisted in filing this appeal. There is no justiciable question on appeal and we see no good faith argument to extend, modify, or reverse existing law. Accordingly, we hold that Schoney's counsel violated Rule 33(a) and is therefore subject to sanctions. *See Hunt*, 785 P.2d at 417.

## CONCLUSION

We affirm the trial court's decision not to proceed with Schoney's motion for recertification and to impose rule 11 sanctions. We hold that appellees are entitled to attorney fees and double costs incurred on this appeal. We remand this case to the trial court for the sole purpose of determining the amount of attorney fees and double costs incurred on this appeal. Further, the attorney fees and double costs shall be paid by Schoney's attorney. *See* Utah R.App.P. 33(a); *Hunt v. Hurst*, 785 P.2d 414, 417 (Utah 1990).

GREENWOOD and RUSSON, JJ., concur.