2000 Utah Ct. App. 225

**Robert J. BACZUK, Plaintiff and Appellant,**

v.

**SALT LAKE REGIONAL MEDICAL CENTER and Dr. Brian Moench, Defendants and Appellees.**

**No. 990787–CA.**

Court of Appeals of Utah.

July 20, 2000.

M. David Eckersley, Prince, Yeates & Geldzahler, Salt Lake City, for Appellant.

J. Anthony Eyre, Kipp & Christian, David W. Slagle, and Brian P. Miller, Snow, Christensen & Martineau, Salt Lake City, for Appellees.

Before Judges BENCH, BILLINGS, and ORME.

## OPINION

BILLINGS, Judge:

¶ 1 Plaintiff Robert Baczuk appeals from summary judgment in favor of defendants Dr. Brian Moench (Dr. Moench) and Salt Lake Regional Medical Center (Hospital) (collectively Defendants). We reverse and remand for trial.

## BACKGROUND

¶ 2 Plaintiff underwent surgery at the Hospital to reattach fingers severed in a snowblower accident. Dr. Moench, who was the anesthesiologist for Plaintiff's surgery, had used a heating pad to prevent vasoconstriction during the surgery. Following surgery, Plaintiff noticed that he had suffered what appeared to be a pressure injury and/or a burn to his buttocks, and had nerve damage to his right leg.

¶ 3 Plaintiff brought the present negligence action against Dr. Moench and the Hospital, and both Defendants moved for summary judgment. Defendants supported their motions with affidavits from Carol Moyar, R.N., and Cris G. Cowley, M.D. Both experts opined that neither the Hospital nor Dr. Moench had violated any standard of care. Dr. Cowley's affidavit further opined, "this type of injury is a rare but known risk" of surgery that "can and does occur even though appropriate care is taken by health care providers."

¶ 4 Plaintiff filed no counter affidavit offering expert opinion but instead opposed summary judgment by invoking the doctrine of res ipsa loquitur. The trial court granted summary judgment to Defendants, concluding there was no issue of material fact regarding negligence because Plaintiff offered no expert opinion to rebut Defendants' expert opinions.

¶ 5 Summary judgment is appropriate when the pleadings, depositions, and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Utah R. Civ. P. 56(c). We review a grant of summary judgment for correctness. *See Carter v. Milford Valley Mem'l Hosp.*, 2000 Utah Ct. App. 021, ¶ 12, 388 Utah Adv. Rep. 18, 996 P.2d 1076. "Ordinarily, the question of negligence is a question of fact for the jury. Thus, summary judgment is appropriate in negligence cases only in the most clear instances." *Hunt v. Hurst,* 785 P.2d 414, 415 (Utah 1990) (citation omitted); *see also King v. Searle Pharm., Inc.,* 832 P.2d 858, 865 (Utah 1992) (noting "the general judicial policy that favors a trial on the merits when there is some doubt as to the propriety of a summary judgment").

## ANALYSIS

¶ 6 At issue is whether Plaintiff may rely on the doctrine of res ipsa loquitur to resist summary judgment when Defendants have provided an unrebutted expert opinion that Plaintiff's injuries could possibly result in the absence of negligence. Because a plaintiff may be unconscious or incapacitated during surgery, and therefore unable to identify a defendant's specific negligent acts, the doctrine of res ipsa loquitur allows a plaintiff to raise an inference of negligence through circumstantial evidence. *See Dalley v. Utah Valley Reg'l Med. Ctr.,* 791 P.2d 193, 196 (Utah 1990). To invoke res ipsa loquitur, a plaintiff must establish an evidentiary foundation from which a finder of fact could logically conclude that an injury was probably caused by negligence. *See King v. Searle Pharm., Inc.,* 832 P.2d 858, 862 (Utah 1992). To establish that foundation, a plaintiff must show:

(1) . . . the accident was of a kind which in the ordinary course of events, would not have happened had the defendant(s) used due care, (2) the instrument or thing causing the injury was at the time of the accident under the management and control of the defendant, and (3) the accident happened irrespective of any participation at the time by the plaintiff.

*Dalley,* 791 P.2d at 196 (citations omitted; alterations in original).

¶ 7 Ordinarily, a plaintiff must establish the foregoing evidentiary foundation

through expert medical testimony. *See Nix-dorf v. Hicken*, 612 P.2d 348, 353 (Utah 1980).

> However, in certain situations, the medical procedure is so common or the outcome so affronts our notions of medical propriety that expert testimony is not required to establish what would occur in the ordinary course of events. In this type of situation the plaintiff can rely on the common knowledge and understanding of laymen to establish [that the injury is more probably than not due to negligence].

*Id.* (holding expert testimony not necessary to infer negligence when surgical instrument is left in plaintiff's body) (footnote omitted); *see also King*, 832 P.2d at 862.

■ ¶ 8 In the present case, Plaintiff argues that it is within the understanding of laypersons that his burn and/or pressure injury on an originally uninjured part of his body not involved in the surgery more probably than not resulted from negligence. We agree.

¶ 9 Our supreme court has held that a surgery patient who suffers a burn to a part of the body not involved in the surgery need not provide expert testimony that the burn resulted from negligence. *See Dalley*, 791 P.2d at 196. In *Dalley*, the plaintiff suffered a burn injury on her calf during a voluntary caesarian section operation. *See id.* at 194–95. The plaintiff sued, alleging medical malpractice, and filed a motion in limine seeking the trial court's determination that the burn was an injury that does not normally occur absent negligence so that expert testimony was therefore unnecessary. *See id.* at 195. The trial court granted the defendants' motions for summary judgment, ruling in part that the plaintiff failed to provide expert testimony to establish that the injuries were of a type that does not occur in the absence of negligence. *See id.*

¶ 10 The supreme court reversed and remanded for trial. Holding expert testimony was not necessary to establish that the burn was an injury not ordinarily suffered absent negligence, the court stated,

> It would appear that it is within the knowledge and experience of laypersons that a woman with a healthy leg does not usually go into an operating room for a caesarian section operation and emerge with a burn on her leg without some occurrence of negligence. This type of inference does not require expert testimony concerning the standard of care and breach of that standard.

*Id.* at 196.

¶ 11 The present case differs from *Dalley* in that the plaintiff in *Dalley* suffered a mysterious burn from an unknown instrumentality controlled by an unknown actor. *See id.* at 195. In the present case, Plaintiff has traced his burn and/or pressure injury to the heating pad, which Plaintiff alleges was negligently controlled by Dr. Moench. The issue, therefore, is narrower: Does the common knowledge and understanding of a layperson form a reasonable basis for determining that a burn and/or pressure injury from a heating pad used during anesthesia was more likely than not caused by negligence? We conclude that it does. It requires no medical or technical expertise to understand that a person may suffer a burn and/or a pressure injury from lying in the same position for too long on a heating pad. Nor does it require medical expertise to understand the steps that must be taken to avoid such injuries. Accordingly, Plaintiff was justified in relying on the understanding of laypersons to survive Defendants' summary judgment motion.

■ ¶ 12 Defendants argue that their experts' affidavits show that the cause of Plaintiff's injury is beyond the understanding of laypersons. Where, as here, a plaintiff relies on the knowledge and understanding of laypersons to establish the evidentiary foundation from which negligence may be inferred, "a defendant may challenge the adequacy of that foundation with evidence showing that [the inference of negligence] is actually beyond the realm of common knowledge and experience." *King*, 832 P.2d at 863. However, summary judgment for defendants will be denied if "the res ipsa loquitur inference [is] strong enough to survive a motion for a directed verdict at the close of the plaintiff's case." *Id.*

¶ 13 In *King*, the plaintiff sued her doctor and the manufacturer of a copper IUD that

perforated her uterus and migrated to her abdomen. *See id.* at 860. The manufacturer moved for summary judgment supported by an affidavit from an expert who had reviewed the plaintiff's medical records and depositions taken in the case and had conducted clinical research on the IUD prior to approval by the Food and Drug Administration. *See id.* The affidavit opined that the IUD was neither defective nor unreasonably dangerous and that the plaintiff's injury was not caused by negligence on the manufacturer's part. *See id.* The trial court granted summary judgment for the manufacturer. *See id.*

¶ 14 On appeal, the supreme court held that, given the facts and the expert's affidavit, the manufacturer's negligence could not be inferred from common experience and knowledge. *See id.* at 864. Accordingly, the plaintiff could not rely upon res ipsa loquitur to defeat summary judgment.[1]

¶ 15 The present case is distinguishable from *King* in that, unlike perforation of the uterus by a copper IUD, no medical or technical expertise is required to understand a burn from a heating pad. The only evidence to the contrary is Dr. Cowley's opinion that injuries like Plaintiff's can and sometimes do occur absent negligence. That opinion does not even attempt to identify the cause of Plaintiff's injury, much less establish that a layperson could not understand the cause.

¶ 16 Defendants appear to argue that an inference of negligence under res ipsa loquitur can never survive a motion for summary judgment supported by expert opinion. Defendants rely on *Hunt v. Hurst*, 785 P.2d 414 (Utah 1990), which affirmed summary judgment for the defendant orthodontist because unrebutted expert opinion established that the plaintiff's "abnormal occlusal relationship" could have resulted from non-negligent causes. *See id.* at 415–16. *Hunt*, however, does not address whether the cause of an abnormal occlusal relationship is within the common knowledge and understanding of a layperson. By contrast, a jury could properly rely on common knowledge and under-

standing to determine whether Plaintiff's burn injury resulted from negligent use of a familiar item like a heating pad. Additionally, the plaintiff in *Hunt* could not show that negligence more probably than not caused her condition because the expert opinion in that case listed with specificity many possible non-negligent causes. *See id.* at 416. In this case, Defendants list no non-negligent sources for Plaintiff's injuries, but rather suggest, in effect, that "these things happen."

¶ 17 Defendants finally argue they are entitled to summary judgment because, even if negligence in this case can be inferred from common knowledge and experience, Defendants have provided unrebutted exculpatory evidence. When a plaintiff relies on res ipsa loquitur, "[i]f any defendant can come forward with a *conclusive exculpatory statement* or explanation of how the injury occurred, then the doctrine of res ipsa loquitur will not apply because there is no longer a need for an inference of negligence or causation." *Dalley*, 791 P.2d at 200 (emphasis added). If, however, defendant's explanation is not conclusive, "then it is up to the finder of fact to decide whether plaintiff has established all of the elements of negligence ... by a preponderance of the evidence." *Id.* at 199–200.

¶ 18 Although Defendants have offered expert opinion that Plaintiff's injuries could have resulted in the absence of negligence and expert opinion that Defendants were not negligent, these opinions are not *conclusively* exculpatory. Rather, under the factual circumstances of this case, and particularly in light of the conclusory nature of the Defendants' experts' affidavits, we conclude a jury could reasonably find Defendants negligent in allowing the heating pad to burn Plaintiff.

¶ 19 Nurse Moyar's affidavit offers the conclusory opinion that "neither Salt Lake Regional Medical Center nor its agents or employees violated any standard of care when providing care to Mr. Baczuk." Although Dr. Cowley's affidavit goes a bit further, it merely states that "appropriate steps

---

1. The court, however, reversed the summary judgment on other grounds. *See King*, 832 P.2d at 864.

were taken to position, pad and care for" the patient. In a different case—one requiring expert testimony to establish the standard of care and breach of that standard—these opinions might suffice to support summary judgment. Under the facts of the present case, however, these affidavits do not conclusively prove Defendants' negligence did not cause Plaintiff's injuries. A jury could find either that Defendants did not take the steps they claim were taken or that Defendants should have taken additional or alternative steps to monitor and protect Plaintiff.

¶ 20 Likewise, Dr. Cowley's speculation that Plaintiff's injury "was likely related to the patient's weight and the length of the surgical procedure" does not preclude an inference of negligence. The operating room personnel presumably knew of these circumstances, and Dr. Cowley's affidavit does not opine that it would have been impossible or impractical to protect Plaintiff under these circumstances.

¶ 21 Finally, Dr. Cowley's opinion that a burn injury is a "rare but known risk" of surgery that "can and does" occur despite appropriate care does not preclude a finding that Defendants did not take appropriate care in this case. Fairly read, Dr. Cowley's opinion is that whether Plaintiff's injuries resulted from negligence is not a foregone conclusion, but a question of fact. Defendants' evidence is thus not conclusive that Defendants were not negligent, and the question should be decided by a jury.

## CONCLUSION

¶ 22 In this case, res ipsa loquitur raises a sufficient inference of negligence to survive a motion for a directed verdict at the close of Plaintiff's case, and therefore raises a genuine issue of material fact. Defendants' experts' affidavits do not demonstrate that Plaintiff's injuries are beyond the understanding of laypersons, nor do they demonstrate conclusively that Plaintiff's burns occurred in the absence of negligence. Accordingly, summary judgment for Defendants was inappropriate, and we therefore reverse and remand for trial on the merits.

¶ 23 WE CONCUR: RUSSELL W. BENCH, Judge, and GREGORY K. ORME, Judge.